**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 29, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JUAN GONZALES,

    Defendant-Appellant.

No. 08-2134
(District of New Mexico)
(D.C. No. 04-CV-2573-JC)

---

**ORDER AND JUDGMENT**[*]

---

Before **McWILLIAMS**, **ANDERSON**, and **BALDOCK**, Senior Circuit Judges.

---

On December 28, 2004, a grand jury returned a four-count indictment in the United States District Court for the District of Colorado, which indictment, in count one, charged Juan Gonzales, the defendant, with being a felon in possession of a loaded firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1); in count two, he was charged with possession with intent to distribute at least five

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    The parties waived oral argument, and this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P.34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

grams or more of a mixture and substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B); in count three, he was charged with possession with an intent to distribute less than 500 grams of a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2; and in count four, he was charged with carrying and possessing a loaded firearm in relation to and in furtherance of the drug trafficking crimes in counts 2 and 3 in violation of 18 U.S.C. § 924(c). Shortly prior to trial, the defendant, through counsel, filed a motion to suppress evidence and to disclose the identity of a confidential source. On the morning the trial was to commence, the district court denied the defendant's motion to suppress and the motion for disclosure of the identity of its confidential source, whereupon the defendant, pursuant to a plea agreement, entered a conditional plea of guilty to counts two and four. In his plea agreement, the defendant reserved his right to appeal the District Court's denial of his motion to suppress and his motion requiring the Government to disclose the identity of its confidential source. On March 29, 2006, the district court sentenced defendant to sixty months imprisonment on count two and sixty months imprisonment on count four, the two sentences to be served consecutively. The defendant filed a timely notice of appeal. On appeal, we affirmed in an unpublished opinion. *United States v. Gonzales*, No. 06-2112, 229 Fed. Appx. 721 (10th Cir. Apr. 16, 2007) (unpublished).

As indicated, the defendant pled guilty to counts two and four of the indictment. Count two charged a violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B). 18 U.S.C. § 841(b)(1)(B) provides, *inter alia*, that the penalty shall be imprisonment for not less than five years. Count four charged the defendant with possessing a loaded firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(b). 18 U.S.C. § 924(c)(1)(A) provides, *inter alia*, that the penalty therefor shall be not less than five years which is to be in "addition" to the penalty provided for in 21 U.S.C. 841(b)(1)(B). In this general connection, the defendant in the plea agreement stated that he understood that as to count two, he could, *inter alia,* be imprisoned for not less than five years and not more than 40 years, and that as to count four, he could be sentenced to imprisonment for not less than five years which would be "consecutive to any other term of imprisonment." It was in this setting that the District Court sentenced defendant to five years imprisonment on counts two and four, to be served consecutively. As stated, on direct appeal, we affirmed the sentence imposed by the District Court.

On March 1, 2008, the defendant filed in the District Court a *pro se* Motion to Modify Term of Imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and a Memorandum in support thereof. 18 U.S.C. § 3582(c)(2) provides as follows:

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In connection with the Motion to Modify, it appears that on November 1, 2007, the United States Sentencing Commission amended the Sentencing Guidelines and provided for a two-point reduction of one's base offense level in certain types of cocaine base offenses. The Government filed a response to defendant's Motion to Modify in which it, *inter alia*, pointed out that the defendant had not been sentenced under the Guidelines, but was sentenced pursuant to statutes setting mandatory minimum sentences.

On May 27, 2008, the District Court denied the defendant's Motion to Modify his sentence, and the defendant now appeals the District Court's denial of his Motion to Modify. In this Court, the Federal Public Defender's Office was appointed to represent the defendant and it later filed an *Anders Brief* in this Court, concluding that the appeal was without merit and "wholly frivolous." *Anders v. California*, 386 U.S. 738 (1967). By letter, the Government indicated it would file no response to defendant's *Anders Brief*. A copy of defendant's *Anders Brief* was served on the defendant who filed a *pro se* "Response to Appellant's Counsel's Motion to Withdraw, Pursuant to 3582(c)(2) Appeal."

Our review of the record before us leads us to conclude, as the Government has argued, that the defendant was <u>not</u> sentenced under the guidelines, but pursuant to statute.  Hence, the Sentencing Commission's retroactive application of a downward modification of the offense level for certain types of drug violations is irrelevant.  The statutes provide for a mandatory minimum sentence control.  Further, in our view, *United States v. Booker*, 543 U.S. 220 (2005) has no present application.

Pursuant to *Anders*, this appeal is therefore dismissed and counsel's request to withdraw is granted.

Entered for the Court


Robert H. McWilliams
Senior Circuit Judge